# In the United States Court of Federal Claims

No. 21-2327

(Filed under seal: March 15, 2024)
(Reissued: March 22, 2024)

**SIKORSKY AIRCRAFT CORPORATION,**

Plaintiff,

**v.**

**UNITED STATES,**

Defendant.

Thomas A. Lemmer, Dentons US LLP, Denver, CO for plaintiff Sikorsky Aircraft Corporation. With him on the briefs were Joseph G. Martinez and Phillip R. Seckman, Dentons US LLP, Denver, CO.

Antonia R. Soares, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. for the United States. With her on the briefs were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, Eric P. Bruskin, Assistant Director, and Kelly Geddes, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. Of counsel were Amelia Lister-Sobotkin, Trial Attorney, Contract Disputes Resolution Center, Defense Contract Management Agency, and Patrick L. Vergona, Assistant General Counsel, Defense Contract Audit Agency, Washington, D.C.

## OPINION AND ORDER[1]

LETTOW, Senior Judge

This action involves a claim brought on December 23, 2021, by plaintiff, Sikorsky Aircraft Corporation ("Sikorsky"), against defendant, the United States ("the government"). *See*

[1] Because of the protective order entered in this case, this opinion was initially filed under seal. The parties were requested to review the decision and provide proposed redactions of any confidential or proprietary information. No redactions were requested.

Compl. at 1, ECF No. 1.[2] Sikorsky challenges a contracting officer's final decision ("COFD") issued on December 29, 2020, that determined that Sikorsky's allocation of independent research and development ("IR&D") and bid and proposal ("B&P") costs incurred from 2007 to 2017 failed to comply with Cost Accounting Standard ("CAS") 420, a regulation governing accounting for IR&D and B&P costs. *See* Compl. at 1; *see also* Pl.'s Partial Mot. to Dismiss ("Pl.'s Mot.") Ex. 1, ECF No. 54-1. Specifically, the contracting officer determined that "Sikorsky failed to allocate the costs of claimed IR&D/B&P projects to its segments on the basis of the beneficial or causal relationship between the projects and each segment as required by CAS 420-40(d) and CAS 420-50(e)." Pl.'s Mot. Ex. 1, at 5; *see also* Federal Acquisition Regulation ("FAR") § 9904.420-40(d)-(e); FAR § 9904.420-50(e). In challenging the decision of the contracting officer, Sikorsky seeks declaratory relief, damages for breach of contract, and related costs and fees. *See* Compl. at 59-60.

**BACKGROUND[3]**

On April 29, 2022, the government sought partial dismissal of Sikorsky's action pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Partial Mot. to Dismiss, ECF No. 15. At that juncture, the government sought partial dismissal on the basis that "the court does not have subject matter jurisdiction to determine whether Sikorsky's B&P costs complied with CAS 420 because there is not a cognizant officer's final decision on that issue." *Sikorsky Aircraft Co. v. United States*, 161 Fed. Cl. 314, 319-20 (2022). The government also then sought dismissal on the ground that "Sikorsky ha[d] failed to state a claim by seeking declaratory judgment determining that the contractual agreements between the parties preclude the government's revocation of accepted cost accounting practices." *Id.* In due course, this court denied dismissal on both grounds. *Id.* at 324.

Subsequently, the parties engaged in discovery, *see* Order of Nov. 16, 2022, ECF No. 51, a process which has been marked by disagreement. *See* Pl.'s Mot. at 12-14, ECF No. 54; Def.'s Resp. to Pl.'s Mot. to Dismiss ("Def.'s Resp.") at 13-15, ECF No. 58; Pl.'s Mot. Exs. 2-11. Throughout, the parties have contested the appropriate scope of discovery. The government asserts this dispute began in "May 2023 when Sikorsky objected to the [g]overnment's requests for the production of documents related to 155 of Sikorsky's IR&D projects." Def.'s Resp. at 21. Sikorsky's position is that certain of "the government's requests for production" went "beyond the operative facts of the 2020 COFD" and therefore were "beyond the scope of the claim at issue in this action." Pl.'s Mot. at 14.[4]

[2] Plaintiff filed an amended complaint on September 29, 2022, which added an additional, ninth count, but which "did not alter its original assertions regarding the 2020 COFD" at issue here. Pl.'s Mot. at 10 n.7; *see* Am. Compl., ECF No. 44.

[3] The recitations in this order do not constitute findings of fact but rather are recitals attendant to the pending motion and reflect matters drawn from the complaint, the parties' briefs, and the pertinent records and documents appended thereto.

[4] In its response, the government avers that Sikorsky raised "for the first time," in its reply to the government's meet-and-confer letter, "its argument that the 2020 COFD determined

Now, Sikorsky brings its own motion—which it styles as a motion to dismiss—to block "a series of other putative claims, each alleging a separate CAS 420 noncompliance arising out of each IR&D project [Sikorsky] performed between 2007 and 2017." Pl.'s Mot. at 1. Plaintiff seeks partial dismissal for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) or, in the alternative, for failure to state a claim pursuant to RCFC 12(c). *Id.* at 1. Specifically, Sikorsky avers that the COFD issued in December of 2020 "contains the required elements of a claim with respect to only one IR&D project – the S-92 Improved Durability Main Gearbox ('IDMGB') (the 'S-92 Gearbox') project." *Id.*; *see also* Pl.'s Mot. Ex. 1.[5] As such, plaintiff seeks dismissal of any potential government claims—apparently anticipated and understood by reference to the government's discovery requests—that plaintiff considers to extend beyond the scope of that COFD, on the ground that such claims "fall[] outside the [c]ourt's subject matter jurisdiction because any such government claim has not been the subject of a contracting officer's final decision." Pl.'s Mot. at 1. The government filed its response on January 12, 2024, Def.'s Resp., and Sikorsky filed its reply on February 9, 2024. Pl.'s Reply in Supp. of Pl.'s Mot. ("Pl.'s Reply"), ECF No 60. A hearing was held on February 15, 2024. Hr'g Tr. The motion accordingly is fully briefed and ready for disposition.

---

the scope of discovery, and that discovery was limited to the S-92 [G]earbox and H-60 Blackhawk related improvement projects." Def.'s Resp. at 14-15.

[5] While Sikorsky in the pending motion seeks to limit the at-issue claim only to the S-92 Gearbox project it has previously asserted in discovery correspondence that "the December 29, 2020 claim is limited to the S-92 [G]earbox *and* H-60 Blackhawk related improvement projects." Pl.'s Ex. 10, at 2 (emphasis added); *see also id.* at 3, 4, 6. Now, plaintiff evidently seeks to revise its previous assertion that H-60 Blackhawk related projects are encompassed in the COFD, noting that

> "[t]he 2020 COFD makes reference to the contracting officer's consideration of what is described as 'SAC IR&D efforts towards improving the H-60 Blackhawk.' Such vague reference to so-called IR&D efforts lacks any specificity as to the distinct IR&D projects at issue, the years those projects were performed, or even the cost associated with such projects. Accordingly, there is no valid CDA claim . . . regarding the so-called 'Blackhawk related' projects."

Pl.'s Mot. at 5 n.3 (quoting Pl.'s Mot. Ex. 1, at 6). Nor did plaintiff clarify matters in the course of the court's motion hearing. Hr'g Tr. at 46:8-18 (Feb. 15, 2024), ECF No. 63 (acknowledging the 2020 COFD contained "a vague reference to H-60 [Blackhawk]"). In all events, the court understands the plaintiff's current motion to request a limitation in scope of the claims at issue to *both* the S-92 Gearbox and the H-60 Blackhawk improvement projects.

## STANDARDS FOR DECISION

*A. Rule 12 – Motion to Dismiss*

The rules of this court allow a party facing a claim to defend against that claim via a motion to dismiss. *See generally* RCFC 12. Rule12(b)(1) allows a defending party to seek dismissal on the grounds that the court lacks subject matter jurisdiction over the claim. RCFC 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) is a "defense to a claim for relief" which may be asserted either "in the responsive pleading if one is required" or "by motion." RCFC 12(b). In the same vein, RCFC 12(c) allows a party defending against a claim to seek judgment on the pleadings. RCFC 12(c). Relatedly, pursuant to RCFC 12(h), a party may contend that a claimant fails to state a claim upon which relief can be granted, "by a motion under RCFC 12(c)." RCFC 12(h)(2).

*B. Rules 26 and 37 – Discovery*

Rule 26 governs discovery proceedings. Pursuant to Rule 26(b)(1), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." RCFC 26(b)(1). While Rule 26(b)(1) generally "is to be broadly construed," the Federal Circuit has noted that "the divergent situations to which it must apply makes it impossible to provide a rigid definition of this phrase," and a discovery request may be deemed irrelevant "if the inquiry is based on the party's mere suspicion or speculation." *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990) (discussing Fed. R. Civ. P. 26(b)(1)).[6]

If a party from whom discovery is sought objects to providing the requested information, that party "may move for a protective order" which the court may issue "for good cause." RCFC 26(c). As the United States Supreme Court has observed, "discovery, like all matters of procedure, has ultimate and necessary boundaries," including "when [an] inquiry touches upon the irrelevant." *Hickman v. Taylor*, 329 U.S. 495, 507-508 (1947). In keeping with this limitation, the court may issue a protective order in instances "where a party wants to embark on a fishing expedition based on irrelevant evidence that itself is not likely to lead to any relevant evidence." *Sci. Applications Int'l Corp. v. United States*, 156 Fed. Cl. 486, 494 (2021). Correspondingly, if a party from whom discovery has been requested fails "to make disclosure or discovery," the party seeking discovery "may move for an order compelling disclosure or discovery," after providing "notice to other parties and all affected persons." RCFC 37(a)(1).

*C. The Contract Disputes Act*

The Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101-7109, outlines the process and requirements for a contracting officer to advance a claim with respect to a contract with the federal government. The CDA also limits the reviewability of such claims by a contracting officer. Pursuant to section 7103(a)(3) of the CDA, only claims that were first "the subject of a contracting officer's final decision" are reviewable by the court. *Raytheon Co. v. United States*,

---

[6] Because RCFC 26(b)(1) and (c) mirror Fed. R. Civ. P. 26(b)(1) and (c), the rules should be interpreted *in pari materia*.

747 F.3d 1341, 1354 (Fed. Cir. 2014) (citing 41 U.S.C. § 7103(a)(3)); *see also* 28 U.S.C. § 1491(a)(2) (establishing the subject matter jurisdiction of the Court of Federal Claims over CDA claims via partial waiver of sovereign immunity). That is, "[u]nder the [CDA], obtaining a final decision is a jurisdictional prerequisite to any subsequent action before a Board of Contract Appeals or the trial court." *Raytheon*, 747 F.3d at 1354.

And, when a party seeks review of a claim that has been the subject of a COFD, that claim must be "based on the same claim previously presented to . . . the contracting officer." *Scott Timber Co. v. United States*, 333 F.3d 1358, 1365 (Fed. Cir. 2003) (quoting *Cerberonics, Inc. v. United States*, 13 Cl. Ct. 415, 417 (1987)). When determining whether a claim for which review is sought is the same or different from that which was the subject of the COFD, the court must consider: "whether the claims 1) are based on the same underlying theory; 2) seek the same relief; and 3) arise from the same operative facts." *Kan. City Power & Light Co. v. United States*, 124 Fed. Cl. 620, 623 (2016). Under this test, "[o]perative facts are those 'essential facts that give rise to a cause of action' . . . 'In making such a determination, if the court will have to review the same or related evidence to make its decision, then only one claim exists, but if the claim presented to the contracting officer requires examination of a different or unrelated set of operative facts, then the claims are separate.'" *Id.* (first quoting *Kiewit Constr. Co. v. United States*, 56 Fed. Cl. 414, 420 (2003); then quoting *Affiliated Constr. Grp., Inc. v. United States*, 115 Fed. Cl. 607, 611-12 (2014)). The motivating purpose behind the same-claim requirement is to afford "the contracting officer an ample pre-suit opportunity to rule on a request, knowing at least the relief sought and what substantive issues are raised by the request." *K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1006 (Fed. Cir. 2015); *see also Scott Timber Co.*, 333 Fed. Cl. at 1366 (articulating the "'statutory purpose of requiring contractors first to submit their claims'" to the contracting officer "to allow the [contracting officer] to receive and pass judgment on the contractor's entire claim") (quoting *Croman Corp. v. United States*, 44 Fed. Cl. 1358, 1366 (2003)).

In assessing the same-claim requirement, courts have not gone so far as to prevent any deviation between the claim which was the subject of the COFD and that which was ultimately raised before the court. It is the case, however, that parties are prohibited "from raising any new *claim* before this court which was not previously presented and certified to the contracting officer for decision," *J.F. Shea Co. v. United States*, 4 Cl. Ct. 46, 54 (1983) (discussing in the context of a plaintiff's claim), as this would undermine the CDA's statutory goal of allowing the contracting officer the first bite at the apple in reviewing such claims. *See K-Con Bldg. Sys., Inc.*, 778 F.3d at 1006. That is, while "merely adding factual details or legal argumentation does not create a different claim," "presenting a materially different factual or legal theory (*e.g.*, breach of contract for not constructing a building on time versus breach of contract for constructing with the wrong materials) does." *Id.*

### *D.* De Novo *Review of a COFD Claim*

When the court reviews a claim brought pursuant to a COFD, the CDA provides that the appropriate standard of review is *de novo*. 41 U.S.C. § 7104(b)(4); *Wilner v. United States*, 24 F.3d 1397, 1401 (Fed. Cir. 1994). *De novo* review in this context is non-deferential: "when suit is brought following a contracting officer's decision, the findings of fact in that decision are not binding upon the parties and are not entitled to any deference" as *de novo* review "precludes

reliance upon the presumed correctness" of the COFD. *Wilner*, 24 F.3d 1397 at 1401. As such, *de novo* review essentially provides the parties with a "clean slate" from which to advance their arguments before this court. *Id.* at 1402. As this court has previously noted, however, "[a]lthough it is true that 'once an action is brought following a contracting officer's decision, the parties start in [this] court . . . with a clean slate,' de novo consideration of a claim does not wholly ignore what the contracting officer actually did," and, as such, any claim that the COFD "is irrelevant to this court's *de novo* review" is without merit. *Mansoor Int'l Dev. Servs., Inc. v. United States*, 121 Fed. Cl. 1, 6 (2015) (quoting *Wilner*, 24 F.3d at 1402).

## ANALYSIS

### *A. Procedural Propriety of Sikorsky's Motion to Dismiss*

Put simply, Sikorsky's motion to dismiss is the improper means by which to raise its objection to the government's discovery requests. As this court's rules governing motions to dismiss expressly provide, a motion to dismiss is available to a party defending against a claim. *See generally* RCFC 12(b). Specifically, Rule 12(b)(1) states that it furnishes a "defense to a claim for relief." *Id.*

Here, Sikorsky cites Rule 12(b)(1) to raise a defense against a claim that does not currently exist. Plaintiff alleges that "[t]he government's [a]nswer and its responses to [plaintiff]'s 'meet and confer' correspondence confirm the government is asserting in this litigation an unspecified number of separate claims alleging that some, most, or all of [plaintiff]'s IR&D project cost allocations were noncompliant with CAS 420." Pl.'s Mot. at 17. Plaintiff argues these purported claims should be dismissed as outside this court's limited subject matter jurisdiction over CDA claims. Pl.'s Mot. at 18-22; Pl.'s Reply at 2-14.[7]

In response, the government reasonably avers that "Sikorsky has improperly styled its requests for relief as combined RCFC 12(b)(1) and RCFC 12(c) motions to dismiss when no such relief is available to a plaintiff related to *its own claims* in this [c]ourt." Def.'s Resp. at 20. According to the government, "the only claims before the [c]ourt in this case are Sikorsky's—based on its original complaint and its amended complaint." Def.'s Resp. at 20. "the only claims that can be dismissed . . . are the claims in Sikorsky's amended complaint." *Id.* at 20-21. Plaintiff replies that "[t]he reason for Sikorsky's motion is that the government has made it clear that it intends to pursue other, different claims that were not the subject of the 2020 COFD."

[7] Sikorsky also seems to improperly equate the question of which party bears the burden of proof with that of which party is raising a claim. *See* Pl.'s Reply at 7-8. Specifically, plaintiff cites *Raytheon Co. v. United States*, for the proposition that "a government assertion of CAS noncompliance is a government claim for which the government bears the burden of proof." *Id.* at 7, 7 n.3 (citing 747 F.3d 1341, 1352-53 (Fed. Cir. 2014)). Plaintiff's reliance on this authority is misdirected. That a defendant bears the burden of proving certain issues in a case does not mean the defendant has actually raised a particular claim. That is, just because this action "arises as a result of a government CDA claim," Pl.'s Reply at 7, does not necessarily mean that a government claim is presently before this court.

Pl.'s Reply at 14-15; *see also id.* at 12. This, plaintiff contends, "the government cannot do." *Id.* at 15.

The government is correct. Plaintiff mischaracterizes what may well be an effort by the government to "pursu[e] discovery so it can figure out what claims it might have in the first place." Pl.'s Reply at 16. "[I]f either party seeks to pursue before this [c]ourt or an agency board of contract appeals any claim for which there is no COFD, that claim must be dismissed for lack of subject matter jurisdiction." *Id.* at 3. Such a claim, however, must have actually been raised, for dismissal to be warranted. In short, a motion for dismissal under Rule 12 is a vehicle by which to defend against an existing claim raised by an opponent. In this instance, although plaintiff characterizes its claims as "clearly defensive,"[8] *id.* at 8 n.4, plaintiff is not seeking dismissal of an existing claim against which it may defend via Rule 12. Therefore, its motions under Rule 12 are procedurally improper at this time.

*B. A Discovery Motion is the Proper Vehicle for Sikorsky's Opposition*

Sikorsky's motion is better understood as a motion for a protective order. *See, e.g.*, RCFC 26(b)(1); RCFC 26(c). Pursuant to Rule 26(b)(1), a party to a case may seek discovery relating to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." RCFC 26(b)(1). A responding party that objects to a discovery request made pursuant to Rule 26 may seek a protective order pursuant to Rule 26(c). RCFC 26(c). Alternatively, the requesting party may seek compulsion under Rule 37. RCFC 37(a).

Here, the parties' disagreement bears the hallmarks of a protracted discovery dispute. Specifically, the parties contest plaintiff's discovery obligations. *See* Pl.'s Mot. Exs. 2-11. Indeed, plaintiff has objected to certain of the government's discovery requests in this case and the government has stated that it "intend[s] to file a motion to compel pursuant to RCFC 37." Def.'s Resp. at 15 n.6. Accordingly, the court treats Sikorsky's so-called motion to dismiss as a motion for a protective order regarding information and material that falls outside the scope of the contracting officer's decision.

*C. A Protective Order Is Appropriate*

Having determined that a motion to dismiss is a procedurally improper vehicle for plaintiff to raise its discovery-related concerns, the court now considers whether a protective order is warranted to limit the discovery which the any government may obtain. Pursuant to Rule 26(b)(1), the scope of discovery is limited to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." RCFC 26(b)(1). In an appeal of a COFD, the limits of the case are set by the claims addressed by the COFD. *See*

---

[8] It is inapposite that plaintiff's claims here could be affirmative defenses in a different context. Instead, all that matters is that the government has not yet raised any claims in the proceedings before this court. Accordingly, plaintiff's claims are challenges to the contracting officer's final decision, not affirmative defenses to claims the government asserted before the contracting officer.

*Kans. City Power*, 124 Fed. Cl. at 622-23. Accordingly, at issue is whether the government's discovery requests are so expansive as to contravene Rule 26(b)(1)'s requirement that the discoverable information be "relevant to any party's claim or defense."

When properly understood as a motion for a protective order, plaintiff's motion asserts that the government's requested discovery falls outside the scope of any claim or defense before this court, because the discovery sought relates to projects other than the S-92 Gearbox and H-60 Blackhawk-related improvement projects. Plaintiff avers that these projects arise from different "operative facts" than what was encompassed in the 2020 COFD. Pl.'s Mot. at 18-22. Plaintiff contends that "the government plans to use discovery to conduct a fishing expedition to determine if it has a factual basis to assert a CAS 420 noncompliance arising from the allocation of the cost of any other IR&D project . . . [plaintiff] performed between 2007 and 2017 and then include such putative claims in this litigation." Pl.'s Mot. at 17. Moreover, as plaintiff emphasizes, *see* Pl.'s Reply at 12 n.7, in the past the court has refused to allow a party to seek additional discovery "to make up for shortcomings in its [initial] CDA claim." *CanPro Invs., Ltd. v. United States*, 165 Fed. Cl. 397, 407 (2023).

The government avers that Sikorsky has put forward purely a jurisdictional analysis which "has no relevance as to any position being taken by the [g]overnment in this litigation" because plaintiff's arguments to this effect "rely on the fiction that the [g]overnment has asserted 'a claim' in this action." Def.'s Resp. at 27. Moreover, the government suggests that "the scope of discovery extends to *all* the IR&D projects for which Sikorsky was required to allocate costs under CAS 420. Accordingly, Sikorsky is obligated to respond to the [g]overnment's discovery requests related to Sikorsky's CAS 420 noncompliance, including discovery related to all its IR&D projects." *Id.* at 23. In furtherance of this argument, the government relies on the notion that courts have generally construed the scope of relevant discovery broadly, and that in this case the government's requests are relevant, proportional, and not unduly burdensome. *Id.* at 33-36.

At issue here is not purely whether this court has subject matter jurisdiction, but whether the discovery sought is indeed relevant to a claim or defense properly before this court, as Rule 26(b)(1) requires. As such, the government may not simply sidestep the question of whether the requested discovery is relevant in accordance with Rule 26(b), on the basis that plaintiff's motion has been improperly brought as motion to dismiss. Here, the government seeks discovery not only with respect to the projects specifically encompassed by the COFD, but also with respect to numerous other IR&D projects, that plaintiff alleges "are distinct from and share no common facts with" those that were the subjects of the COFD. Pl.'s Mot. at 4.

In determining whether the discovery the government seeks falls beyond the scope of this action in contradiction of Rule 26(b), the court begins by applying the same-claim test. *See, e.g.*, *Kan. City Power*, 124 Fed. Cl. at 623. Here, the first two prongs of this test suggest the claims at issue are the same. First, purported claims involving additional IR&D projects appear to be "based on the same underlying theory" as that of the S-92 Gearbox and H-60 Blackhawk claims, namely that plaintiff's "allocation of independent research and development ('IR&D') costs between 2007 and 2017 was noncompliant with [CAS] 420." Pl.'s Mot. at 1; *see also* Pl.'s Mot. Ex. 1, at 1. Second, all claims "seek the same relief": the government specifically seeks monetary relief, which the plaintiff seeks to avoid via declaratory relief. *See* Compl. at 59-60; Pl.'s Mot. Ex. 1, at 9.

As to the third prong, whether all 155 claimed projects "arise from the same operative facts," there is disagreement. On the one hand, plaintiff avers that only one project, the S-92 Gearbox project, is properly at issue, noting that "[t]he 2020 COFD's operative facts assert one government claim that Sikorsky violated CAS § 420-40(d) and CAS § 420-50(e)(1) when it 'allocated [the] S-92 Gearbox project costs between the SAO segment and SGH.'" Pl.'s Mot. at 22 (citing Pl.'s Mot. Ex. 1, at 6); *see also* Hr'g Tr. 8:24 to 9:12. By reference to plaintiff's discovery correspondence, the court also understands plaintiff as arguing the same with respect to the H-60 Blackhawk-related improvement projects, although this is not asserted in plaintiff's pending motion. *Compare* Pl.'s Mot. Ex. 10, at 2, *with* Pl.'s Mot. at 5 n.3. The government responds that "Sikorsky unlawfully seeks to misapply the CDA claim-requirement framework to narrow the issues in this case," Def.'s Resp. at 26, and instead broadly asserts that "the scope of discovery extends to *all* the IR&D projects for which Sikorsky was required to allocate costs under CAS 420." *Id.* at 17; *see also* Hr'g Tr. 42:7-17.

Ultimately, the court agrees with plaintiff that the projects other than the S-92 Gearbox and H-60 Blackhawk-related improvement projects specifically referenced in the COFD are distinct from what is at issue in this case. Discovery spanning beyond the scope of these projects is unwarranted at this time. As plaintiff avers, the court agrees that, at most, the COFD references additional projects in a manner that is "conclusory" with "no specifics whatsoever." Hr'g Tr. 46:8-18; *see also* Pl.'s Mot. Ex. 1, at 6-7; Pl.'s Mot. at 7. Indeed, the government itself seems to admit as much in its correspondence with plaintiff. Specifically, as plaintiff has highlighted, *see* Hr'g Tr. 11:4 to 12:8, the government has conceded that "[t]he 2020 COFD did not consider 'each and every IR&D project,' but only IR&D efforts related to improvements to the H-60 Blackhawk and the S-92 [G]earbox." Pl.'s Mot. Ex. 6, at 3 (quoting Pl.'s Mot. Ex. 2, at 7).[9]

Given that this court reviews the decision of the contracting officer *de novo*, more than conclusory assertions regarding general alleged non-compliance is required for the court to make an independent assessment. *Wilner*, 24 F.3d at 1401. Concluding otherwise would risk allowing the government to make a "profound alteration" in the scope of its claims, spanning beyond the operative facts upon which the COFD was apparently based. *Santa Fe Eng'rs, Inc. v. United States*, 818 F.2d 856, 859 (Fed. Cir. 1987). Indeed, just as the Federal Circuit in *Santa Fe Engineers* prohibited the expansion of a claim from three change orders to many, *see id.* at 859-60, this court now prohibits the government from expanding the scope of claims at issue in the discovery context from a few projects to 155, based solely on vague and ambiguous references included in the COFD. Each of the generally referenced 155 projects "will raise different . . . facts in order for [the court] to reach a resolution" and are thus "divisible claims." Hr'g Tr. 54:3-6. As such, allowing the scope of the claims at issue and the corresponding discovery to be expanded beyond the S-92 Gearbox and H-60 Blackhawk projects at this juncture would amount to more than "merely adding factual details or legal argumentation." *See K-Con Bldg. Sys., Inc.*, 778 F.3d at 1006. Rather, it would impermissibly deprive the contracting

[9] The government avers that the lack of further consideration in the COFD was due to "the inadequacy of Sikorsky's submissions" which "the 2020 COFD expressly recognized." Def.'s Resp. at 32. In all events, the court is not in a position to extend the scope of discovery beyond that which was the subject of the COFD.

officer of the opportunity to make an initial independent assessment of compliance for each distinct project, as the statutory purpose of the CDA requires. *See id*. *Scott Timber Co.*, 333 Fed. Cl. at 1365.

To the extent the government maintains that additional projects were non-compliant with CAS 420, the government may assert those claims of non-compliance separately for the consideration of the contracting officer in a new COFD, in accordance with 41 U.S.C. § 7103(a)(3). Because these claims have not been specifically made "the subject of a written decision by the contracting officer," *id.*, however, the court refuses to expand the scope of the claims at issue in this particular case. Therefore, the government's requested discovery relating to projects other than the S-92 Gearbox and H-60 Blackhawk-related improvement projects is not "relevant to any party's claim or defense" as Rule 26(b)(1) requires. Accordingly, the court restricts this discovery pursuant to Rule 26(c)(1).

## CONCLUSION

For the reasons stated, the court, pursuant to Rule 26(c), DENIES Sikorsky's self-styled motion to dismiss and otherwise acts on the discovery issues raised by the parties. The court limits the scope of the government's discovery to information relevant to the S-92 Gearbox and H-60 Blackhawk-related improvement projects which were encompassed by the COFD.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge