# In the United States Court of Federal Claims

No. 21-2327

(Filed under seal: May 17, 2024)
(Reissued: May 22, 2024)

|  |  |
|---|---|
| **SIKORSKY AIRCRAFT CORPORATION,** | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **UNITED STATES**, | ) ) ) |
| Defendant. | ) ) |

Thomas A. Lemmer, Dentons US LLP, Denver, CO for plaintiff Sikorsky Aircraft Corporation. With him on the briefs were Joseph G. Martinez and Phillip R. Seckman, Dentons US LLP, Denver, CO.

Antonia R. Soares, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. for the United States. With her on the briefs were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, Eric P. Bruskin, Assistant Director, and Kelly Geddes, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. Of counsel were Amelia Lister-Sobotkin, Trial Attorney, Contract Disputes Resolution Center, Defense Contract Management Agency, and Patrick L. Vergona, Assistant General Counsel, Defense Contract Audit Agency, Washington, D.C.

**OPINION AND ORDER**[1]

LETTOW, Senior Judge

Pending before the court is the government's motion for partial reconsideration of the court's March 15, 2024, order denying plaintiff's ("Sikorsky's") motion to dismiss and entering a protective order. Def.'s Mot. for Partial Recons. ("Def.'s Mot."), ECF No. 78; *Sikorsky*

---

[1] Because of the protective order entered in this case, this opinion was initially filed under seal. The parties were requested to review the decision and provide proposed redactions of any confidential or proprietary information. No redactions were requested.

*Aircraft Corp. v. United States*, 170 Fed. Cl. 257 (2024) ("order limiting discovery"). Specifically, defendant challenges the court's decision to limit discovery to only a subset of the projects that the government alleges provide the basis for both the Defense Contract Management Agency's ("DCMA's") Final Decision of December 2020 and plaintiff's challenge to that decision. Def.'s Mot. at 11-12. Defendant's motion is fully briefed and ready for disposition. Pl.'s Resp. in Opp'n to Def.'s Mot. for Partial Recons. ("Pl.'s Opp'n"), ECF No. 81; Def.'s Reply in Supp. of Mot. for Partial Recons. ("Def.'s Reply"), ECF No. 85.

## BACKGROUND[2]

On December 23, 2021, Sikorsky filed its complaint challenging the DCMA's decision. Compl., ECF No. 1. In that decision, the DCMA concluded that Sikorsky had violated Cost Accounting Standard ("CAS") 420 by improperly allocating independent research and development ("IR&D") and bid and proposal ("B&P") costs, between 2007 and 2017. *See* Am. Compl. at 1, ECF No. 44.

The scope of the DCMA's 2020 decision has been challenged previously. On April 29, 2022, the government filed a partial motion to dismiss claims relating to Sikorsky's B&P costs. *See* Def.'s Partial Mot. to Dismiss at 16-18, ECF No. 15. The court, in turn, denied dismissal. *Sikorsky Aircraft Corp. v. United States*, 161 Fed. Cl. 314 (2022) ("order denying dismissal of B&P claims"). During ensuing discovery, the government sought production of documents related to 155 IR&D projects. Pl.'s Mot. to Dismiss Ex. 7, at 8-235, ECF No. 54-7; DA24-34.[3] Sikorsky responded to the government's requests for production and interrogatories on May 15, 2023. DA82-310.

On November 6, 2023, Sikorsky challenged the scope of the 2020 decision in a motion that it characterized as a partial motion to dismiss. *See* Pl.'s Partial Mot. to Dismiss, ECF No. 54. In its filing, Sikorsky sought to block possible claims relating to projects other than one specific project—the S-92 Improved Durability Main Gearbox (the "S-92 Gearbox") project. *Id.* at 1. That effort was partially successful. The court concluded that Sikorsky had improperly styled its request for relief as a motion to dismiss and denied the motion. *See Sikorsky Aircraft Corp.*, 170 Fed. Cl. at 266. The court instead treated Sikorsky's filing as a motion for a protective order and issued an order limiting discovery to only the S-92 Gearbox and H-60 Blackhawk related improvement projects. *See id.* at 263-66.

## STANDARDS FOR DECISION

Rule 54(b) of the Rules of the Court of Federal Claims ("RCFC") provides a mechanism for a party to seek reconsideration of a non-final, interlocutory decision issued by this court.

---

[2] The recitations in this order do not constitute findings of fact but rather are recitals attendant to the pending motion and reflect matters drawn from the complaint, the parties' briefs, and the pertinent records and documents appended thereto.

[3] Defendant attached the first volume of its appendix to its response to plaintiff's motion to dismiss, ECF No. 58-1, and the second volume to its motion for reconsideration, ECF No. 78-1. The appendix is consecutively paginated and will be cited as "DA__."

Specifically, the Rule provides that the court may, in its discretion, revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." RCFC 54(b). While RCFC 54(b) "does not expressly authorize *motions* for reconsideration," it explicitly permits the court to reconsider all orders and decisions "[that] do[ ] not end the action (i.e., interlocutory orders)." *Alta Wind I Owner Lessor C v. United States*, 169 Fed. Cl. 1, 7 (2023) (internal quotations omitted).

The court may exercise its discretion to grant reconsideration in instances where "the court 'has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court.'" *L-3 Commc'ns Integrated Sys., L.P. v. United States*, 98 Fed. Cl. 45, 49 (2011) (quoting *Potts v. Howard Univ. Hosp.*, 623 F. Supp. 2d 68, 71 (D.D.C. 2009)). Reconsideration is not, however, intended "to give an 'unhappy litigant an additional chance to sway the court,'" or to "reassert arguments that 'were previously made and were carefully considered by the court.'" *Haggart v. United States*, 133 Fed. Cl. 568, 573 (2017) (first quoting *Martin v. United States*, 101 Fed. Cl. 664, 671 (2011); then quoting *Whispell Foreign Cars, Inc. v. United States*, 106 Fed. Cl. 777, 782 (2012)). Similarly, "a motion for reconsideration is unavailing where the moving party 'raise[s] an issue for the first time that was available to be litigated earlier in the case.'" *Id.* (quoting *Martin*, 101 Fed. Cl. at 671).

The party seeking reconsideration must show that justice requires reconsideration. *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 893 F. Supp. 2d 258, 268 (D.D.C. 2012) (applying Fed. R. Civ. P. 54(b) which mirrors RCFC 54(b) and should be interpreted *in pari materia*). The decision whether to grant a motion for reconsideration rests soundly within the court's discretion. *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

## ANALYSIS

The government seeks partial reconsideration of the court's order limiting discovery for both procedural and substantive reasons. The government argues the court's order failed to properly enforce the requirements of RCFC 26, namely by failing to apply the "good cause" standard and the certification requirement and by not finding that Sikorsky had waived its objections to the government's discovery request by omitting to timely assert the objection in its May 2023 discovery response. Def.'s Mot. at 17-22, 34-35; Def.'s Reply at 3-8, 16-17. Substantively, the government contends the court misapplied the same-claim test and erroneously relied on the fact-finding within the 2020 final decision to limit discovery. Def.'s Mot. at 22-34; Def.'s Reply at 8-16. As such, the government contends, the court's decision would detrimentally impede the government's ability to assert CAS noncompliance claims and improperly impose a heightened standard for establishing such claims. Def.'s Mot. at 37-40; Def.'s Reply at 18-20. Moreover, the government asserts that the court's March 15, 2024, order limiting discovery is inconsistent with the court's August 12, 2022, order denying dismissal of B&P claims. Def.'s Mot. at 35-37; Def.'s Reply at 17-18.

3

Sikorsky opposes the government's motion. *See* Pl.'s Opp'n. First, plaintiff avers that the government's motion fails to establish that the court's order limiting discovery was based on legal error, and contends that the government's procedural objections are needlessly formalistic. *Id.* at 4-15. Next, plaintiff contends that the government's substantive objections—that the court erroneously applied the same-claim test and improperly relied on facts found in the 2020 decision to limit discovery—recapitulate arguments that were previously raised and appropriately rejected. *Id.* at 8-15. Plaintiff also asserts that the government's argument that the court created a new, heightened standard for establishing CAS noncompliance claims is "plainly wrong" and it rehashes arguments the court properly rejected. *Id.* at 16-20. Additionally, plaintiff asserts that the court's order limiting discovery is consistent with the order denying dismissal of B&P claims, as the latter related to jurisdiction and the former to discovery. *Id.* at 15-16.

Having considered both parties' arguments, the court concludes that the government has failed to establish that justice requires the court to reconsider its March 15 order limiting discovery. Given that there has been no intervening change in law or new evidence with respect to this issue, the government correctly identifies that it must show the court's order limiting discovery was predicated on clear legal error such that justice requires the court to reconsider its decision. Def.'s Mot. at 1-2. The court concludes that the government has not carried its burden. The government's procedural objections surrounding the court's application of RCFC 26 ignore the court's broad discretion to manage and limit discovery, and its substantive objections recapitulate issues previously considered and properly rejected by this court. Accordingly, justice does not require reconsideration of the court's order limiting discovery.

The government's procedural objections surrounding the court's application of RCFC 26 fail to recognize this court's broad discretion to direct the scope and manner of discovery. *Florsheim Shoe Co. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984) ("Questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court."). The rules of this court clearly grant it wide discretion to "limit the frequency or extent of discovery" *either* by motion, "*or on its own*." RCFC 26(b) (emphasis added); *see also Est. of Rubinstein v. United States*, 96 Fed. Cl. 640, 646 (2011) (recognizing that RCFC 26(b)(2)(C) "permits a court to limit discovery on its own initiative or in response to a motion filed pursuant to RCFC 26(c)").[4] Indeed, the court's decision to *sua sponte* limit discovery to only the

---

[4] In its reply, the government asserts that RCFC 26(b) "is not the relevant rule" at issue in establishing the court's authority to limit discovery of its own accord. Def.'s Reply at 5. Relatedly, the government takes issue with Sikorsky's reliance on *Micro Motion, Inc. v. Kane Steel Co.*, where the court indicated that it could deny discovery when "[an] inquiry lies in a speculative area," 894 F.2d 1318, 1326-27 (Fed. Cir. 1990), as it asserts this case "was decided under Rule 26(b)—*not* the RCFC 26(c)(1) standard." Def.'s Reply at 5. The government's argument is unavailing for several reasons. First, the plain language of RCFC 26(b) establishes the court's authority, and indeed responsibility, to limit impermissible discovery of its own accord. *See* RCFC 26(b). Moreover, it is a bedrock interpretive principle that a "judicial interpreter [must] consider the entire text, in view of its structure and of the physical and logical relation of its many parts," *Transpacific Steel LLC v. United States*, 4 F.4th 1306, 1322 (Fed. Cir.

materials that it deemed relevant to the proceeding before it fell within the court's broad discretion over discovery-related matters, irrespective of Sikorsky's motion or its timing.[5]

The government's assertion that Sikorsky was required to certify that the parties had met and conferred similarly ignores the court's discretion to limit discovery of its own accord. The government relies on *Forest Products Northwest, Inc. v. United States*, 453 F.3d 1355 (Fed. Cir. 2021) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 24, at 167 (2012)), as is the case when the court reads directly adjacent discovery sub-rules in the context of one another. Further, the government's classification of this court's decision in *Micro Motion* as "unavailing," Def.'s Reply at 5, omits the fact that the court in that case expressly identified the synergy between the discovery sub-rules, explaining that "[w]hile the burdens may vary somewhat depending on which rule or procedure is invoked, the substantive considerations for denying a party discovery are generally the same and may be gleaned from Rule 26(b), (c) and (g)." 894 F.2d at 1323 (discussing the analogous Federal Rule of Civil Procedure). Ultimately, the court's decision to limit discovery falls within its authority established pursuant to RCFC 26, and the government's arguments to the contrary based on the specific sub-rule in question are not persuasive.

[5] The court's motion hearing specified and put the parties on notice that the court was considering limiting discovery. *See* Hr'g Tr. 24:5-22, ECF No. 63 (Feb. 15, 2024) ("It's not a motion to dismiss at all. It's a motion for a protective order."). To the extent either party took issue with the characterization of Sikorsky's motion as a motion for a protective order, or the court's consideration thereof, it could have sought supplemental briefing to address the issue further. Yet, neither party sought additional briefing to this effect, despite the explicit indication as to how the court was assessing the issues at hand.

Nonetheless, in its reply, the government asserts that reconsideration is warranted because the court "made a decision outside the adversarial issues presented to the [c]ourt by the parties," Def.'s Reply at 9 (quoting *Haggart*, 133 Fed. Cl. at 573), when it decided to limit discovery without first inviting motions practice to this effect. Yet, such an application of the discretionary reconsideration standard would lead to the absurd result that any time a party was discontent with a court's decision to exercise its *sua sponte* authority in a certain manner, that party could seek reconsideration by claiming that the exercise of such authority fell outside the adversarial issues presented to the court for consideration. Moreover, the government's objection regarding the proper scope of adversarial issues before the court is a matter of interpretation. Indeed, that the court apprehended the issues before it as encompassing a discovery dispute resulted, reasonably, from the way the court interpreted the parties' briefing. And the court in its motion hearing clearly notified the parties of this interpretation. *See* Hr'g Tr. 24:5-22. Moreover, such an interpretation is supported by the arguments made by the government itself in response to Sikorsky's partial motion to dismiss. Notably, the government dedicated multiple pages of its response to that motion to arguing that "the [g]overnment is entitled to the discovery it is seeking." Def.'s Resp. to Pl.'s Mot. to Dismiss at 33-36, ECF No. 58. Ultimately, the court reasonably apprehended the adversarial issues before it as encompassing discovery—as supported by the arguments advanced by both parties—and acted within its power to limit discovery accordingly.

5

2006), for the proposition that certification is mandatory. Def.'s Mot. at 34-35. In *Forest Products* the court denied a protective order where the plaintiff seeking the order "neither conferred with the government to resolve the dispute nor demonstrated good cause." *Id.* at 1361. But this court has, in the interest of efficient resolution of a discovery dispute, disposed of the need for a formal meet-and-confer certification when, like here, "it is evident to the [c]ourt . . . that the parties were at an obvious impasse," in the discovery process. *Sci. Applications Int'l Corp. v. United States*, 156 Fed. Cl. 486, 491 (2021).[6] Here, it was apparent to the court that the parties had been engaged in a lengthy discovery dispute marked by repeated correspondence and discussion leading up to Sikorsky's motion challenging the scope of the DCMA's 2020 final decision. The court also identified good cause for limiting discovery. As such, requiring a further certification to this effect would be superfluous and indeed inefficient.

Moreover, the court properly determined that there was good cause to limit the scope of discovery under RCFC 26 based on evidence contained in the record—not solely on attorney argument as the government asserts. That the court ultimately concurred with Sikorsky's arguments pertaining to the appropriate scope of projects at issue in the case does not mean that the court granted its relief based entirely on "nothing more than attorney argument." Def.'s Mot. at 17-18; *see* Def.'s Reply at 4-5. Instead, the court also relied on the 2020 final decision itself, as well as relevant caselaw, in assessing whether discovery relating to all 155 IR&D projects was appropriate. Ultimately, the court properly proceeded with an assessment of whether good cause existed to limit the scope of discovery under RCFC 26, and concluded it did. For these reasons, the government's procedural objections, including those related to questions of timeliness and waiver, are without merit in the context of the court's discretionary authority to exercise control and put corresponding limits on the scope of discovery, as it did here.

Beyond its procedural objections, the government's substantive objections predominantly reiterate prior arguments opposing, primarily, the court's application of the same-claim test and the fact-finding contained in the 2020 final decision, as well as the appropriate standard for establishing CAS noncompliance claims. Def.'s Mot. at 22-34, 37-40; Def.'s Reply at 8-20. Specifically, the government reemphasizes its positions that the fact finding contained in the 2020 decision should not limit the government's discovery as it was "neither required nor binding in these *de novo* proceedings," *compare* Def.'s Mot. at 22-29, *and* Def.'s Reply at 8-9, *with* Def.'s Resp. to Pl.'s Mot. to Dismiss at 21-25, that the court's use and application of the same-claim test was contrary to law, *compare* Def.'s Mot. at 29-34, *and* Def.'s Reply at 8-16, *with* Def.'s Resp. to Pl.'s Mot. to Dismiss at 25-33, and that the court's decision requires too much specificity to assert noncompliance claims because the government ought not be required to "assert separate claims on individual cost items in a pool to which the noncompliant practice

---

[6] The government, in its reply, distinguishes *Science Applications* on the basis that it dealt with a situation where a motion for a protective order had already been filed, the court had determined based on a status conference that the parties were at an impasse in discovery, and the case had been riddled with delays. Def.'s Reply at 16-17 (citing *Sci. Applications Int'l Corp.*, 156 Fed. Cl. at 491). Be that as it may, these factual distinctions do not undermine the court's ability to resolve an evident discovery-related tension of its own accord, pursuant to RCFC 26. The record before the court demonstrates that the parties reached an impasse regarding whether the government was entitled to discovery related to all 155 IR&D projects.

6

was applied," *compare* Def.'s Mot. at 37-39, *and* Def.'s Reply at 18-20, *with* Def.'s Resp. to Pl.'s Mot. to Dismiss at 27-29, 35-36. These arguments improperly ask this court to relitigate prior determinations it has made in this case. This court has identified such efforts as inappropriate in the past. *See, e.g., Haggart*, 133 Fed. Cl. at 573 (articulating that reconsideration is not meant to give a disgruntled litigant another opportunity to raise argumentation that was or could have been raised previously with the court).[7] Here, much of the government's motion rehashes the arguments it raised in response to Sikorsky's partial motion to dismiss. The court was already presented with, and rendered its decision on, these arguments. The government may not now invoke RCFC 54(b) to revisit arguments that have been previously raised and, in due course, rejected. And even to the extent arguments in the government's motion for reconsideration differ from those it has previously raised, each substantive argument could have been raised in briefing on Sikorsky's motion to clarify the scope of the 2020 final decision. Accordingly, such arguments would also be inappropriate at this time. *Haggart*, 133 Fed. Cl. at 573.

Finally, the court's order limiting discovery is consistent with the court's prior order denying dismissal of B&P claims. In its prior decision, the court determined that claims relating to Sikorsky's B&P costs should not be dismissed for lack of subject matter jurisdiction. *Sikorsky Aircraft Corp.*, 161 Fed. Cl. at 321-22. This determination was jurisdictional in nature, as the government itself recognizes. Def.'s Mot. at 36 ("The contracting officer's final decision claims B&P costs are owed, and the court therefore has jurisdiction over Sikorsky's B&P cost claims.") (quoting *Sikorsky Aircraft Corp.*, 161 Fed. Cl. at 321-22). Ultimately, the court determined that it would not "deprive Sikorsky of its day in court on issues that the government raised by inclusion of B&P cost references in its final decision." *Sikorsky Aircraft Corp.*, 161 Fed. Cl. at 321. The court did not determine, in that decision, which particular projects were encompassed by the 2020 decision. *See id.* at 321-22. And that order did not, as the government asserts, determine the scope of discovery; indeed, any mention of discovery is entirely absent from that decision. *See generally id.* at 314-24. Put differently, the court's prior order denied dismissal of B&P claims because express language in the 2020 decision provided a sufficient basis for B&P project claims generally to proceed at that early stage, while the court's order limiting discovery found IR&D projects beyond those expressly mentioned in the 2020 decision were outside the scope of discovery. As such, the court applied consistent reasoning in both orders, and based on

---

[7] Here, the government seeks to introduce, in support of its recapitulated arguments regarding the scope of the 2020 final decision, the declaration of Kimberly A. Gaskins, the contracting officer who issued the decision. DA324-37; *see also* Def.'s Mot. at 23, 27-28, 33 (relying on Ms. Gaskins's declaration); Def.'s Reply at 9-13 (defending its reliance on Ms. Gaskins's declaration). In her declaration, Ms. Gaskins seeks to provide further context regarding the 2020 final decision and its scope. DA324-27. The issue to which this declaration relates, however, was certainly "available to be litigated earlier in the case" prior to the government's filing of its motion for reconsideration and, indeed, there is no reason to believe the information provided in Ms. Gaskins's declaration would not have been available at any point since the date the 2020 decision was issued. As such, even were the court to reconsider the government's arguments which have been previously raised and rejected, it will not consider Ms. Gaskins's declaration as doing so would span beyond the proper scope of a motion for reconsideration.

the record at this stage the order limiting discovery does not conflict with the order denying dismissal of B&P claims.

Ultimately, the government's substantive arguments are unavailing because they improperly seek to relitigate issues that have been or could have been presented to this court previously, and because this court's order limiting discovery is consistent with its prior order denying dismissal of B&P claims.

## CONCLUSION

The government has not demonstrated that the court's order limiting discovery rested on clear legal error such that justice requires reconsideration pursuant to RCFC 54(b).  Instead, the government raises procedural arguments that ignore the court's broad discretion to control discovery and relitigates substantive issues previously considered and decided by this court.  For the foregoing reasons, the government's motion for partial reconsideration is **DENIED**.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge